**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: Bruce Bennett, Sr., | ) |
| Debtor, | ) |
| Bruce Bennett, Sr., | ) |
| Appellant | ) Civil Action No.: 2:04-cv-23129-CWH |
| vs. | ) |
| Bay View Bank, HFTA First Financial Corp., et al., | ) |
| Appellee | ) |

This matter is before the Court on an appeal by Bruce Bennett, Sr. ("Bennett") from an order issued by the United States Bankruptcy Court for the District of South Carolina dismissing Bennett's bankruptcy petition with prejudice. In this appeal, Bennett contends that he complied with the Bankruptcy Court's orders, and that the Bankruptcy Court erred in dismissing his petition. For the reasons that follow the Court affirms.

On March 20, 2002, Bennett filed a petition for bankruptcy under Chapter 13. On January 27, 2003, the U.S. Bankruptcy Court ("Bankruptcy Court") dismissed the case for failure to make payments to the Bankruptcy Trustee ("Trustee"). On February 24, 2003, Bennett filed for bankruptcy under Chapter 13. On April 14, 2003, Bennett entered into a consent agreement, which provided that if the case were subsequently dismissed, Bennett would be barred from filing a third petition for a period of 180 days. The consent order also stipulated that a third filing could unreasonably delay and prejudice creditors. On June 20, 2004, the Bankruptcy Court

dismissed Bennett's second petition with prejudice for a period of 180 days. On August 18, 2004, only 59 days after the Bankruptcy Court order, Bennett filed a third petition for bankruptcy under Chapter 13. On September 24, 2004, the Bankruptcy Court dismissed the appellant's third bankruptcy petition with prejudice for a period of 180 days. On October 1, 2004, the appellant appealed from the September 24, 2004, order of dismissal. On May 19, 2005, the appellees moved for dismissal of the appeal, arguing that the Bankruptcy Court committed no error and that the appellant failed to comply with the Federal Rules of Bankruptcy. This matter is now before the Court for disposition

The findings of fact of the Bankruptcy Court are reviewed for clear error. In re: John C. Crowell, 304 B.R. 255 (W.D. N.C. 2004). Findings of fact are clearly erroneous "when, although there is evidence to support it, . . . the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. The Bankruptcy Court's conclusions of law are reviewed *de novo*. Id.

Rule 8001(a) of the Federal Rules of Bankruptcy provides that failure to comply with a rule of appellate procedure constitutes grounds upon which the district court may dismiss an appeal. Rule 8006 of the Federal Rules of Bankruptcy provides:

> Within 10 days after filing the notice of appeal as provided by Rule 8001(a), entry of an order granting leave to appeal, or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later, the appellant shall file with the Clerk and serve on the appellee a designation of items to be included in the record on appeal and a statement of issues to be presented.

On October 1, 2004, the appellant filed his notice of appeal. On October 27, 2004, after the ten days had expired, the appellant filed and served a statement of issues, but the statement fails to state any error committed by the Bankruptcy Court. After two notices from the Clerk of

Court, the appellant filed a statement indicating that he did not intend to file any designations of contents and statements of the issues for inclusion in the record. The appellant's failure to comply with Rule 8006 of the Federal Rules of Bankruptcy is grounds for dismissal of his appeal. In re: William Kendall Thomas, 2003 U.S. Dist. LEXIS 522 (W.D. Va. 2003)(dismissing appeal because appellant failed to file designations on appeal with bankruptcy procedure despite notice and warnings by the Clerk of Court).

Rule 8009(a) of the Federal Rules of Bankruptcy requires the appellant to file and serve his brief within 15 days of the entry of appeal on the docket. On December 9, 2004, Magistrate Judge Robert S. Carr ("Magistrate Judge Carr") issued an order informing the parties that the appeal was on his docket. On April 25, 2005, Magistrate Judge Carr issued an order notifying the appellant that he had 15 days to file his brief. On May 3, 2005, the appellant filed his brief, but he never served his brief on the appellee as Rule 8009 requires.

The Bankruptcy Court did not err by dismissing the appellant's petition for bankruptcy. On April 11, 2003, Bennett entered into a consent agreement which provided that any subsequent dismissal of his second petition would be with prejudice for a period of 180 days. On June 20, 2004, the Bankruptcy Court dismissed Bennett's second petition with prejudice for a period of 180 days. However, in violation of the Bankruptcy Court order, Bennett filed his third petition 59 days after dismissal of his second petition. Under 11 U.S.C. §1307(c)(1), a Bankruptcy Court may dismiss a case if, in the best interests of the creditors and estate, the petition would cause "unreasonable delay by the debtor that is prejudicial to creditors." Bennett contends that he complied with the Bankruptcy Court's order, but his argument is without merit. The Bankruptcy Court properly dismissed Bennett's third petition for bankruptcy.

It appears that Bennett's third bankruptcy petition was not filed in good faith. To circumvent the obligations of a prior plan in a prior proceeding, a petitioner should move for relief from the obligations. Otherwise, when filing a subsequent bankruptcy petition, a petitioner must demonstrate a change of circumstances and good cause as to why he ignored applicable statutory provisions in failing to move for relief from the previous obligations. In re Pryor, 54 B.R. 679, 380-81 (S.C. 1985) (*citing*, In re Johnson, 708 F.2d 865 (2d Cir. 1983)). Therefore, instead of filing a third petition in violation of the Bankruptcy Court's June 20, 2004, order, Bennett should have filed for relief from the Bankruptcy Court's dismissal with prejudice for 180 days. Bennett has demonstrated neither a change of circumstances nor good cause that would warrant deviating from the Bankruptcy Court's June 20, 2004, order.

**For the foregoing reasons, the judgment of the Bankruptcy Court is AFFIRMED.**

**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

April 28, 2006
Charleston, South Carolina